**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
Tracy L. Klestadt
Christopher Reilly
200 West 41st Street, 17th Floor
New York, New York 10036
Tel: (212) 972-3000
Fax: (212) 972-2245

*Counsel to 289 Utica LLC*

**Hearing Date; January 31, 2024 @ 10:00 a.m. (EST)**
**Objection Deadline: January 24, 2024**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

In re                                                    :    Chapter 11
                                                         :
FISHERMAN'S COVE, INC.                                   :    Case No. 23-44696 (JMM)
                                                         :
                          Debtor.                        :
                                                         :
---------------------------------------------------------------x

**MOTION FOR ENTRY OF AN ORDER LIFTING THE AUTOMATIC STAY WITH RESPECT TO LANDLORD'S INTERESTS, RIGHTS AND REMEDIES IN AND TO NON-RESIDENTIAL REAL PROPERTY LOCATED AT 1126 EASTERN PARKWAY, BROOKLYN, NEW YORK, A/K/A 279-287 UTICA AVE., BROOKLYN, NEW YORK**

TO THE HONORABLE JIL MAZER-MARINO,
UNITED STATES BANKRUPTCY JUDGE:

289 Utica LLC (the "Landlord"), by and through its undersigned counsel, as and for its motion (the "Motion") for entry of an order, pursuant to § 362(d)(1) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), (i) vacating the automatic stay as to the Landlord's interests, rights and remedies to certain non-residential real property located at 1126 Eastern Parkway Brooklyn, New York, a/k/a 279-287 Utica Ave., Brooklyn, New York (the "Property") presently occupied by Fisherman's Cove, Inc., the debtor (the "Debtor") in the above captioned Chapter 11 Subchapter V case (the "Subchapter V Case"); and (ii) waiving the fourteen (14) day stay of enforcement of the Order granting such relief under Bankruptcy Rule 4001(a)(3). In support of this Motion, the

Landlord relies upon the Affidavit of Dean Maffei in Support of the Motion (the "Maffei Affidavit"), attached hereto as **Exhibit A**, and in addition, respectfully represents and alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334.   This is a core proceeding pursuant to 28 U.S.C. §157(b).   Venue of this Motion is proper pursuant to 28 U.S.C. §§1408 and 1409.   The statutory predicates for the relief requested herein are §§362(d)(1) and 1112(b) of the Bankruptcy Code.

## BACKGROUND

2.      On or about November 19, 2019, the Landlord and Debtor entered into a twelve (12) year lease agreement with respect to the Property (the "Lease").

3.      The Debtor failed to remain current in its payment obligations under the Lease. On June 13, 2022, the Landlord commence a non-payment proceeding in Kings County Civil Court against the Debtor.

4.      As of the date hereof, approximately $851,793.00 in unpaid rent and Debtor's share of property taxes is currently owed to the Landlord.

5.      On June 1, 2023, the Landlord was awarded a judgment of possession (the "Judgment of Possession") against the Debtor, with execution of the same stayed until June 15, 2023. *See* Judgment of Possession, attached as **Exhibit A** to the Maffei Affidavit.

6.      On June 23, 2023, a 14-Day eviction notice was issued (the "Warrant of Eviction") and served on the Debtor.

7.      On or around July 5, 2023, the Debtor filed an Order to Show Cause to stay the

eviction (the "<u>First OSC</u>").

8.      On August 2, 2023, the Landlord and Debtor entered into a settlement stipulation (the "<u>Settlement Stipulation</u>")[1] resolving the First OSC, the terms of which were as follows:

(a)      Landlord's Warrant of Eviction was stayed until 10/31/2023 for Debtor to pay all rent due as of 10/31/2023 or vacate the Property;

(b)      The Warrant of Eviction is preserved; and

(c)      Landlord claims that it is owed $540,000.00 in rent and the Debtor claimed $300,000.00 in rent was owed.

*See* Settlement Stipulation, attached as **Exhibit B** to the Maffei Affidavit.

9.      The Debtor failed to make any payments by October 31, 2023, violating the terms of the Settlement Stipulation.

10.      On or around October 31, 2023, Landlord again served the Debtor with the Warrant of Eviction.

11.      On or around November 15, 2023, the Debtor filed another Order to Show Cause seeking to stay the second eviction (the "<u>Second OSC</u>").

12.      On December 15, 2023, the Civil Court issued a decision and order (the "<u>Eviction Order</u>") wherein it denied the Second OSC, authorized the Landlord to re-notice the Warrant of Eviction and stated that the "Respondent (Debtor) has failed to provide a meritorious defense." *See* Eviction Order attached as **Exhibit C** to the Maffei Affidavit.

13.      On December 19, 2023 (the "<u>Petition Date</u>"),[2] shortly after entry of the Eviction

---

[1] The Settlement Stipulation was subsequently "So Ordered" by the Civil Court.
[2] Just prior to the Petition Date, the Debtor turned over possession of the top two floors of the Property to the Landlord, while maintaining its possession of the main floor. It is currently operating on the main floor.

Order, the Debtor commenced the instant case by filing a petition for relief under chapter 11 of the Bankruptcy Court.

14. As of the date hereof, no payments have been received by the Landlord on account of any post-Petition Date base rent/use and occupancy of the Property by the Debtor. It is not presently clear whether the Debtor has adequate insurance coverage in place with respect to the Property.

**BASIS FOR RELIEF**

15. Section 362(d)(1) of the Bankruptcy Code provides, in relevant part, that:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest…

*See* 11 U.S.C. § 362(d)(1).

**RELIEF REQUESTED**

16. The Bankruptcy Code does not define the term "cause" however, the legislative history provides some guidance in that the "facts of each request will determine whether relief is appropriate under the circumstances." In re Sonnax Industries, Inc., 907 F.2d 1280, 1286 (2d Cir. 1990) (quoting H.R. Rep. No. 595, 95th Cong. 2d Sess. 343-44, reprinted in 1978 U.S. Code Cong. & Admin. News 6300). The burden of proof on a motion seeking modification of the automatic stay is a shifting one: the movant has the initial burden of showing that "cause" exists and once established, the burden shifts to the party opposing stay relief to disprove its existence. In re Mazzeo, 167 F.3d 139, 142 (2d Cir. 1999).

17.     In the instant case, the Landlord respectfully submits that ample bases exist for a modification of the automatic stay with respect to the Landlord's interests, rights and remedies in and to the Property. Specifically, "cause" for relief from the automatic stay has been found to exist where no landlord-tenant relationship is in existence when the bankruptcy case is filed.  *See* <u>Bell v. Alden Owners, Inc.</u>, 199 B.R. 451, 458 (S.D.N.Y. 1996); <u>In re Seven Stars Restaurant, Inc.</u>, 122 B.R. 213, 218 (Bankr. S.D.N.Y 1990); <u>In re GSVC Restaurant Corp.</u>, 3 B.R. 491 (Bankr. S.D.N.Y. 1980); <u>In re GSVC Restaurant Corp.</u>, 10 B.R. 300 (S.D.N.Y. 1980). As discussed above, prior to the Petition Date, the Judgment of Possession was entered and a Warrant of Eviction was issued with respect to the Property in favor of the Landlord and with the Debtor's consent pursuant to the terms of the Settlement Stipulation. Put simply, neither the Debtor nor its estate have any legal or equitable right to remain in possession of the Property. See, e.g., <u>In the re GSVC Restaurant Corp.</u>, supra (holding that when tenant no longer as a legal interest in the premises, relief from stay should be granted). At most, the Debtor and its estate have a bare possessory interest with respect to the Property which should not be permitted to preclude the Landlord from pursuing and enforcing its interests, rights and remedies under non-bankruptcy law with respect to the Property, including the immediate recovery of possession of the Property.

18.     Additionally, the Landlord's interests in the Property are not adequately protected. As discussed above, the Debtor ceased making any payments to the Landlord on account of its obligations with respect to the Property several years ago and defaulted with respect to performance of its obligations to the Landlord under the Settlement Stipulation. It has also consistently been held that "the failure to pay post-petition rent may also serve as grounds for lifting the automatic stay'" since the Landlord will not be adequately protected if the Debtor falls behind in post-petition rent. <u>In re Sweet N Sour 7th Ave Corp.</u>, 431 B.R. 63, 69 (Bankr. S.D.N.Y.

2010) (quoting In re Mad Lo LLC, 2009 WL 2902567, at *4 (Bankr. S.D.N.Y. 2009). As discussed above, as of the date hereof, the Landlord has not received any payment with respect to the post-Petition Date use and occupancy of the Property by the Debtor and/or its estate. As further discussed above, it is not clear as to whether or not there is currently insurance coverage in place with respect to the Property. As a result, the Landlord's interests in the Property are not adequately protected and are at risk.

19.     In addition, the commencement of a bankruptcy case in "bad faith" may serve as "cause" for relief from the automatic stay. See, e.g., In re C-TC 9th Avenue Partnership, 113 F.3d 1304, 1313 (2d Cir. 1997); In re AMC Realty Corp., 270 B.R. 132, 141 (S.D.N.Y. 2001). Courts generally look at the "totality of the circumstances" when considering a finding of "bad faith". See, e.g., In Re Tornheim, 239 B.R. 677, 686 (Bankr. E.D.N.Y. 1999). Again, the Lease was terminated, the Judgment of Possession was entered and the Warrant of Eviction was issued with respect to the Property in favor of the Landlord prior to the Petition Date with the Debtor's consent. The Debtor has no meritorious grounds to resurrect the Lease nor does the Debtor have anything other than a bare possessory interest with respect to the Property. As such, it is apparent that the Debtor commenced this case merely for the purpose of temporarily preventing the Landlord from enforcing its rights and remedies with regard to the Property and not to reorganize its financial affairs. This is further evidenced by the fact that the Debtor has not filed any documents in support of its petition. As of the date hereof, the Debtor has not filed its Subchapter V Balance Sheet and Cash Flow Statement, its Schedules, its Summary of Assets and Liabilities and its Statement of Financial Affairs. The Debtor's chapter 11 filing appears to be a mere ploy to remain in business at the Property, rent free, for as long as possible before its inevitable eviction. Respectfully, this

Court should not condone such a filing by further precluding the Landlord from recovering possession of the Property.

20.     Accordingly, the Landlord respectfully submits that the automatic stay should be vacated as to the Landlord's interests, rights and remedies in and to the Property so as to permit, among other things, the Landlord's immediate recovery of possession of the Property (by way of execution of the warrant of eviction or otherwise).

### REQUEST FOR WAIVER OF BANKRUPTCY RULE 4003(C)(3)

21.     Finally, under the facts and circumstances, including the Judgment of Possession and Warrant of Eviction with respect to the Property, the substantial amounts owed to the Landlord resulting from the Debtor's lengthy and substantial default with respect to the payment of its pre-Petition Date obligations under the Lease and Settlement Stipulation, the continuing failure to compensate the Landlord for the post-Petition Date use and occupancy of the Property by the Debtor and/or its estate, and the possible lack of insurance coverage with respect to the Property, the Landlord respectfully requests that the fourteen (14) day stay of the Order granting the relief sought herein provided under Bankruptcy Rule 4001(c)(3) be waived.

**WHEREFORE**, the Landlord respectfully requests that the Court enter an order granting the Motion together with such other and further relief as may be just and proper.

Dated:   New York, New York
        January 9, 2024

                                    **KLESTADT WINTERS JURELLER**
                                    **SOUTHARD & STEVENS, LLP**


                            By:   _/s/ Christopher Reilly_
                                    Tracy L. Klestadt
                                    Christopher J. Reilly
                                    200 West 41st Street, 17th Floor

7

New York, New York 10036
Tel: (212) 972-3000
Fax: (212) 972-2245
Email: tklestadt@klestadt.com
          creilly@klestadt.com

*Counsel to the 289 Utica, LLC*